*Teague & Dees, J. Faison Thomson and Kenneth C. Royall for appellant.*

*Langston, Allen & Taylor, Dickinson & Freeman and R. D. Johnson for appellees.*

ADAMS, J. The plaintiff filed his complaint in an action entitled as above, to which the defendants demurred. For misjoinder of parties and causes of action Judge Cowper sustained the demurrer and dismissed the action. On appeal the judgment was affirmed, this Court observing that the act of 1931 amending C. S., 456 (Pub. Laws 1931, chap. 334, sec. 2), applies only when the plaintiff is in doubt as to the persons from whom he is entitled to redress on his cause of action. *Grady v. Warren,* 201 N. C., 693.

When the demurrer was sustained for misjoinder of parties and causes the action was dismissed. *Bank v. Angelo,* 193 N. C., 576; *Harrison v. Transit Co.,* 192 N. C., 545; *Robinson v. Williams,* 189 N. C., 256.

Within ten days after the receipt of the certificate of the Supreme Court the plaintiff moved on three days' notice for leave to amend the complaint by striking out all allegations relating to the Citizens Bank and by striking out the Citizens Bank as a party defendant. Judge Harris properly denied the motion as a matter of law.

The right to amend the complaint upon three days notice under C. S., 515, when a demurrer is sustained, has no application to cases in which the action has been dismissed for misjoinder of parties and causes. In such event the action is not pending and the court is without jurisdiction to allow the amendment. Judgment

Affirmed.

---

CLARENCE H. MACKAY AND EDWARD ARMSTRONG, AGENT, v. C. O. MEREDITH AND SOUTHERN REAL ESTATE COMPANY.

(Filed 20 April, 1932.)

**Payment A c—Payment of amount of mortgage debt to clerk is not payment to the mortgagee, there being no statutory authority therefor.**

Where in a suit to restrain the foreclosure of a mortgage a controversy arises between the mortgagor and the mortgagee as to the amount due thereunder, and the mortgagor deposits the amount claimed to be due by him with the clerk of the Superior Court and has notice to be served on the mortgagee that the amount would be paid to him upon surrender and cancellation of the note and mortgage, and the issue as to the amount of the debt is answered in favor of the mortgagor: *Held,* a judgment ordering the cancellation of the note and mortgage and permanently enjoining

the foreclosure of the instrument is erroneous, the payment to the clerk not being payment to the mortgagee, the clerk being the agent of the mortgagor and not the mortgagee and there being no statutory authority for such payment to the clerk.

APPEAL by defendant, C. O. Meredith, from *Warlick, J.,* at September Term, 1931, of GUILFORD. No error in the trial; error in the judgment.

This is an action for a permanent injunction, restraining the defendant, C. O. Meredith and his agent, Southern Real Estate Company, from selling the land described in the complaint under the power of sale contained in a mortgage executed by Jesse Cole and wife, under whom plaintiff claims title to said land.

The action arose out of a controversy between the parties as to the amount due on the note secured by the mortgage. The plaintiff contended that the amount due is $1,493.45, with interest from 6 October, 1930; the defendant contended that said amount is $1,531.71, with interest from 15 May, 1930. It is admitted in the pleadings that after the defendant had advertised the land for sale under the power of sale in the mortgage, to wit, on 6 October, 1930, the plaintiff deposited with M. W. Gant, clerk of the Superior Court of Guilford County, the sum of $1,493.45, and caused notice to be served on the defendant by the sheriff of said county that said amount would be paid to the defendant by said clerk of the Superior Court, upon the surrender of the note marked paid and of the mortgage duly canceled. This action was commenced on 9 October, 1930.

The only issue submitted to the jury at the trial of the action was answered as follows:

"What amount is due the defendant, C. O. Meredith, upon the mortgage deed of Jesse Cole and wife mentioned and described in the complaint? Answer: $1,493.45."

From judgment ordering and decreeing that the note and mortgage executed by Jesse Cole and wife to the defendant, C. O. Meredith, and described in the complaint, be marked satisfied and canceled, and that said defendant be restrained and enjoined permanently from exercising the power of sale contained in said mortgage, the defendant appealed to the Supreme Court.

*H. R. Stanley for plaintiffs.*
*Hoyle & Harrison for defendants.*

CONNOR, J. There was no error in the trial of this action. On the argument of the defendants' appeal in this Court, their counsel stated that defendants did not desire a new trial of the issue involving the

amount due on the note secured by the mortgage, but did contend that there was error in the judgment. This contention is sustained.

The admission in the pleadings that prior to the commencement of this action, plaintiff had deposited with M. W. Gant, clerk of the Superior Court of Guilford County, the amount which he contended was due on the note, and which the jury found was the amount due, does not support the contention of the plaintiffs that said amount was thereby paid. There is no statute in this State which authorizes a person who is a party to a controversy as to the amount of his debt to another, to pay the amount which he contends is due to a clerk of the Superior Court, and thereby discharge his debt. In the instant case, M. W. Gant received the amount paid to him by the plaintiff, as the agent of the plaintiff and not of the defendant. It is not alleged in the complaint nor was there evidence at the trial tending to show that the amount found by the jury to be due on the note was tendered to the defendant by the plaintiff or by M. W. Gant, prior to or during the pendency of the action. There is error in the judgment.

The action is remanded to the Superior Court of Guilford County, that judgment may be entered in said court, fixing the amount due on the note. It was error to enjoin and restrain the defendant, upon the admission in the pleadings, from selling the land described in the complaint under the power of sale contained in the mortgage from Jesse Cole and wife to the defendant.

No error in the trial.

Error in the judgment.

---

FRANK WELCH, JR., v. HUSKE HARDWARE HOUSE.

(Filed 20 April, 1932.)

**Appeal and Error J b—Action of trial court in setting aside verdict in his discretion is not reviewable on appeal.**

The action of the trial court in setting aside the verdict in his discretion as being against the weight of the evidence involves no question of law or legal inference and is not subject to review on appeal.

APPEAL by defendant from *Finley, J.,* at September Term, 1931, of MOORE.

Civil action by plaintiff, alleged landlord, to recover rent of alleged tenant.

The jury answered the issue of tenancy in favor of the defendant and against the plaintiff.

21—202